## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 16-cv-1676-RBJ-KMT**

(*Consolidated with* Nos. 15-cv-2106, 15-cv-2683, 15-cv-2686, 15-cv-2684, 16-cv-834; *all filings in White v. DaVita Healthcare Partners, Inc.*, 15-cv-2106)

FRANKQUIN HARDIN, individually and as Personal Representatives of the ESTATE OF DEBORAH HARDIN,

      Plaintiff,

      v.

DAVITA HEALTHCARE PARTNERS, INC.,

      Defendant.

---

## DEFENDANT DAVITA HEALTHCARE PARTNERS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT FILED BY PLAINTIFF FRANKQUIN HARDIN

---

Defendant DaVita Healthcare Partners, Inc. ("DaVita")[1], by and through its attorneys, Locke Lord LLP, answers the Complaint of Plaintiff Frankquin Hardin (Dkt. 1), individually and as Personal Representatives of the Estate of Deborah Hardin, as follows:

## I. INTRODUCTION

1.      DaVita denies the allegations contained in Paragraph 1 of the Complaint, except admits that, as of December 31, 2015, DaVita provided dialysis and administrative services through a network of 2,251 outpatient dialysis centers located in the United States serving approximately 180,000 patients.

---

[1] As of September 1, 2016, DaVita Healthcare Partners, Inc. changed its corporate name to DaVita Inc. Because DaVita Healthcare Partners, Inc. is the named defendant in this matter and was properly named at the time of the Complaint, DaVita Inc. will continue to defend this action under its previous corporate name.

2.      DaVita denies the allegations contained in Paragraph 2 of the Complaint, except admits that DaVita provides clinics with dialysis and administrative services and Plaintiff's claims relate to an acid concentrate sold to DaVita by Fresenius Medical Care ("Fresenius") under the brand name GranuFlo.  As determined by this Court's Orders dated April 9, 2014 and March 23, 2015 in the purported class action captioned *Thornton, individually and as Personal Representative of the Estate of Jean Thornton, and on behalf of all others similarly situated v. DaVita Healthcare Partners, Inc.*, 13-cv-00573-RBJ-KMT ("*Thornton*"), and reiterated in the Court's Order dated December 13, 2016 in this matter (*Thornton*, Dkt. 222), DaVita and the individual clinic referenced in the Complaint administered medical services and did not supply, distribute, manufacture, design, or sell any product.

3.      DaVita denies the allegations contained in Paragraph 3 of the Complaint.

4.      DaVita denies the allegations contained in Paragraph 4 of the Complaint, except admits that GranuFlo is a dry acid concentrate product containing sodium diacetate.

5.      DaVita denies the allegations contained in Paragraph 5 of the Complaint.

6.      DaVita denies the allegations contained in Paragraph 6 of the Complaint, except admits that DaVita did not receive the November 4, 2011 memorandum directly from Fresenius when it was issued but DaVita's Chief Medical Officer Allen Nissenson subsequently received the memorandum indirectly from a doctor.

7.      DaVita denies the allegations contained in Paragraph 7 of the Complaint.

8.      DaVita denies the allegations contained in Paragraph 8 of the Complaint and refers to the transcript of the April 2015 class certification hearing in *Thornton*.

9.      DaVita denies the allegations contained in Paragraph 9 of the Complaint, except admits that Fresenius apparently issued an internal memorandum on November 4, 2011.  DaVita

also admits that Fresenius issued an urgent product notification relating to GranuFlo and NaturaLyte dialysis products on March 29, 2012 and that several months later, on June 27, 2012, the FDA issued a Class I Recall notice concerning NaturaLyte and GranuFlo products.  DaVita refers to the Fresenius urgent product notification and FDA Recall notice for their contents

10.     DaVita denies the allegations contained in Paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint contains conclusions of law, not allegations of fact, and thus no responsive pleading is necessary.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 11.

## II. STATEMENT OF VENUE AND JURISDICTION

12.     Paragraph 12 of the Complaint states conclusions of law to which no responsive pleading is necessary.

13.     Paragraph 13 of the Complaint states conclusions of law to which no responsive pleading is necessary, except DaVita admits that its principal place of business is located in Colorado.

## III. THE PARTIES

14.     DaVita lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14 of the Complaint.

15.     DaVita denies the allegations contained in Paragraph 15 of the Complaint, except admits that it is a Delaware corporation with its principal place of business at 2000 16th Street, Denver, Colorado and that, as of December 31, 2015, DaVita provided dialysis and

administrative services through a network of 2,251 outpatient dialysis centers located in the United States serving approximately 180,000 patients.

## IV. FACTS

**A.      The Dialysis and Related Lab Services Business**

16.      DaVita denies the allegations contained in Paragraph 16 of the Complaint.

17.      DaVita denies the allegations contained in Paragraph 17 of the Complaint, except refers to the data from the United States Renal Data System for its contents.

18.      DaVita denies the allegations contained in Paragraph 18 of the Complaint.

**B.      The Dialysate**

19.      DaVita denies the allegations contained in Paragraph 19 of the Complaint, except admits that dialysate contains bicarbonate and acid as well as electrolytes such as potassium, sodium, and calcium.

20.      DaVita denies the allegations contained in Paragraph 20 of the Complaint, except admits that dialysate contains acid typically in the form of either citrate or acetate.

21.      DaVita denies the allegations contained in Paragraph 21 of the Complaint, except admits that dialysate contains bicarbonate.

22.      DaVita denies the allegations contained in Paragraph 22 of the Complaint, except admits that machines used to control the dialysis process track the levels of bicarbonate.

23.      DaVita denies the allegations contained in Paragraph 23 of the Complaint, except admits that a concentration gradient exists during the dialysis process.

**C.      GranuFlo**

24.      DaVita denies the allegations contained in Paragraph 24 of the Complaint, except admits that GranuFlo is a dry acid concentrate product containing sodium diacetate that is reconstituted using water before it is used in the hemodialysis process.  DaVita also admits that according to the current product label, Fresenius states that GranuFlo contains 8.0 mEq/L of acetate.

25.      DaVita denies the allegations contained in Paragraph 25 of the Complaint.  To the extent that this paragraph contains conclusions of law, not allegations of fact, no responsive pleading is necessary.

26.      DaVita denies the allegations contained in Paragraph 26 of the Complaint.  To the extent that this paragraph contains conclusions of law, not allegations of fact, no responsive pleading is necessary.

27.      DaVita denies the allegations contained in Paragraph 27 of the Complaint.

28.      DaVita denies the allegations contained in Paragraph 28 of the Complaint.

29.      DaVita denies the allegations contained in Paragraph 29 of the Complaint.

30.      DaVita denies the allegations contained in Paragraph 30 of the Complaint.

31.      DaVita denies the allegations contained in Paragraph 31 of the Complaint.

**D.      DaVita Knew and Concealed the Harmful Effects of GranuFlo**

32.      DaVita denies the allegations contained in Paragraph 32 of the Complaint, except admits that many clinics converted to GranuFlo.

33.      DaVita denies the allegations contained in Paragraph 33 of the Complaint.

34.      DaVita denies the allegations contained in Paragraph 34 of the Complaint, except refers to the internal memorandum from Fresenius dated November 4, 2011 for its contents.

35.     DaVita denies the allegations contained in Paragraph 35 of the Complaint, except refers to the internal memorandum from Fresenius dated November 4, 2011 for its contents.

36.     DaVita denies the allegations contained in Paragraph 36 of the Complaint, except refers to the internal memorandum from Fresenius dated November 4, 2011 for its contents.

37.     DaVita denies the allegations contained in Paragraph 37 of the Complaint, except admits that Paragraph 37 accurately quotes the internal memorandum from Fresenius dated November 4, 2011 and refers to that memorandum for its contents.

38.     DaVita denies the allegations contained in Paragraph 38 of the Complaint, except refers to the internal memorandum from Fresenius dated November 4, 2011 for its contents.

39.     DaVita denies the allegations contained in Paragraph 39 of the Complaint, except refers to the internal memorandum from Fresenius dated November 4, 2011 for its contents.

40.     DaVita denies the allegations contained in Paragraph 40 of the Complaint, except refers to the internal memorandum from Fresenius dated November 4, 2011 for its contents. DaVita admits that some of its clinics have converted to and away from the GranuFlo product since Fresenius issued the memorandum.

41.     DaVita denies the allegations contained in Paragraph 41 of the Complaint.

42.     DaVita denies the allegations contained in Paragraph 42 of the Complaint.

43.     DaVita denies the allegations contained in Paragraph 43 of the Complaint.

**E.     DaVita Does Nothing to Mitigate the Risks of GranuFlo**

44.     DaVita denies the allegations contained in Paragraph 44 of the Complaint, except admits that DaVita did not receive the November 4, 2011 memorandum directly from Fresenius when it was issued but DaVita's Chief Medical Officer Allen Nissenson subsequently received the memorandum indirectly from a doctor.

45.     DaVita denies the allegations contained in Paragraph 45 of the Complaint.

46.     DaVita denies the allegations contained in Paragraph 46 of the Complaint.

47.     DaVita denies the allegations contained in Paragraph 47 of the Complaint.

48.     DaVita denies the allegations contained in Paragraph 48 of the Complaint.

49.     DaVita denies the allegations contained in Paragraph 49 of the Complaint.

50.     DaVita denies the allegations contained in Paragraph 50 of the Complaint.

**F.     GranuFlo is Recalled**

51.     DaVita denies the allegations contained in Paragraph 51 of the Complaint, except refers to the New York Times article dated June 14, 2014 for its contents.

52.     DaVita denies the allegations contained in Paragraph 52 of the Complaint, except refers to the New York Times article dated June 14, 2014 for its contents.

53.     DaVita denies the allegations contained in Paragraph 53 of the Complaint, except refers to the New York Times article dated June 14, 2014 for its contents.

54.     DaVita denies the allegations contained in Paragraph 54 of the Complaint, except refers to the FDA Recall dated March 29, 2012 for its contents.

55.     DaVita denies the allegations contained in Paragraph 55 of the Complaint, except refers to the FDA Recall dated March 29, 2012 for its contents.

56.     DaVita denies the allegations contained in Paragraph 56 of the Complaint.

57.     DaVita denies the allegations contained in Paragraph 57 of the Complaint.

58.     DaVita denies the allegations contained in Paragraph 58 of the Complaint.

**G.     DaVita Markets Itself as Providing Superior Care**

59.     DaVita denies the allegations contained in Paragraph 59 of the Complaint, except refers to the DaVita marketing, promotional, website, and financial materials for their contents.

60.     DaVita denies the allegations contained in Paragraph 60 of the Complaint, except refers to the DaVita marketing, promotional, website, and financial materials for their contents.

61.     DaVita denies the allegations contained in Paragraph 61 of the Complaint, except refers to the DaVita marketing, promotional, website, and financial materials for their contents.

62.     DaVita denies the allegations contained in Paragraph 62 of the Complaint.

**H.     Death of Deborah Hardin**

63.     DaVita lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 63 of the Complaint, except admits that it is aware that Decedent Deborah Hardin received dialysis treatment at a Fresenius Medical Care clinic as early as January 2010 and refers to Decedent Deborah Hardin's medical records for their contents.

64.     DaVita denies the allegations contained in Paragraph 64 of the Complaint, except admits that it appears that Deborah Hardin received dialysis treatment at the DaVita Grand Crossing clinic in Chicago, Illinois on May 26, 2014.

65.     DaVita admits the allegations contained in Paragraph 65 of the Complaint.

66.     DaVita denies the allegations contained in Paragraph 66 of the Complaint and refers to Decedent Deborah Hardin's medical records for their contents.

67.     DaVita lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 67 of the Complaint and refers to Decedent Deborah Hardin's medical records and Death Certificate for their contents.

68.     DaVita admits the allegations contained in Paragraph 68 of the Complaint.

69.     DaVita admits the allegations contained in Paragraph 69 of the Complaint.

70.     DaVita denies the allegations contained in Paragraph 70 of the Complaint, except admits that medical records reflect several underlying medical conditions.

71.     DaVita denies the allegations contained in Paragraph 71 of the Complaint.

## V. STATUTE OF LIMITATIONS TOLLING ALLEGATIONS

### A.     Fraudulent Concealment

72.     Paragraph 72 of the Complaint is premised upon allegations that DaVita concealed risks relating to GranuFlo, which were rejected by the Court in its Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33) and thus no responsive pleading is necessary. To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 72 of the Complaint.

73.     DaVita denies the allegations contained in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint is premised upon allegations that DaVita concealed risks relating to GranuFlo, which were rejected by the Court in its Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33) and thus no responsive pleading is necessary. To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint is premised upon allegations that DaVita concealed risks relating to GranuFlo, which were rejected by the Court in its Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33) and thus no responsive pleading is necessary. To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint is premised upon allegations that DaVita concealed risks relating to GranuFlo, which were rejected by the Court in its Order dated

December 13, 2016 (*Thornton*, Dkt. 222 at 32-33) and thus no responsive pleading is necessary. To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 76 of the Complaint.

**B.      *American Pipe* Tolling**

77.      DaVita admits the allegations contained in Paragraph 77 of the Complaint and refers to the *Thornton* Complaint for its contents.

78.      DaVita denies the allegations contained in Paragraph 78 of the Complaint, except refers to the *Thornton* Complaint for its contents.

79.      DaVita admits the allegations contained in Paragraph 79 of the Complaint and refers to the *Thornton* Complaint for its contents.

80.      DaVita admits the allegations contained in Paragraph 80 of the Complaint and refers to the *Thornton* Complaint for its contents.

81.      DaVita admits the allegations contained in Paragraph 81 of the Complaint.

82.      DaVita admits that the first amended master consolidated complaint was filed on July 8, 2013, but denies that the second amended master consolidated complaint was filed on July 29, 2013.   The Second Amended Master Consolidated Complaint was filed on July 21, 2014.

83.      DaVita denies the allegations contained in Paragraph 83 of the Complaint.

84.      DaVita admits the allegations contained in Paragraph 84 of the Complaint and refers to this Court's Order dated June 18, 2015 denying Plaintiffs' Motion to Certify Class and Appoint Class Counsel in *Thornton*.

85.      DaVita denies the allegations contained in Paragraph 85 of the Complaint.

## VI. COMPLIANCE WITH 735 ILL. COMP. STAT. ANN. 5/2-622

86.     Paragraph 86 of the Complaint makes statements to which no responsive pleading is necessary.

87.     Paragraph 87 of the Complaint makes statements to which no responsive pleading is necessary.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Fraudulent Concealment

88.     DaVita incorporates by reference its responses to the previous allegations contained in the Complaint as if set forth at length herein.

89.     Pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to Decedent Deborah Hardin, certain allegations contained in Paragraph 89 of the Complaint require no responsive pleading.  DaVita denies the remaining allegations contained in Paragraph 89 of the Complaint.

90.     Pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to Decedent Deborah Hardin, certain allegations contained in Paragraph 90 of the Complaint require no responsive pleading.  DaVita denies the remaining allegations contained in Paragraph 90 of the Complaint.

91.     Pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to Decedent Deborah Hardin, certain allegations contained in Paragraph 91 of the Complaint

require no responsive pleading. DaVita denies the remaining allegations contained in Paragraph 91 of the Complaint.

92. Pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to Decedent Deborah Hardin, certain allegations contained in Paragraph 92 of the Complaint require no responsive pleading. DaVita denies the remaining allegations contained in Paragraph 92 of the Complaint.

93. Pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to Decedent Deborah Hardin, certain allegations contained in Paragraph 93 of the Complaint require no responsive pleading. DaVita denies the remaining allegations contained in Paragraph 93 of the Complaint.

94. Pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to Decedent Deborah Hardin, certain allegations contained in Paragraph 94 of the Complaint require no responsive pleading. DaVita denies the remaining allegations contained in Paragraph 94 of the Complaint.

95. Pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to Decedent Deborah Hardin, certain allegations contained in Paragraph 95 of the Complaint require no responsive pleading. DaVita denies the remaining allegations contained in Paragraph 95 of the Complaint.

96.     Pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to Decedent Deborah Hardin, certain allegations contained in Paragraph 96 of the Complaint require no responsive pleading.  DaVita denies the remaining allegations contained in Paragraph 96 of the Complaint.

## SECOND CAUSE OF ACTION
### Negligence

97.     DaVita incorporates by reference its responses to the previous allegations contained in the Complaint as if set forth at length herein.

98.     DaVita denies the allegations contained in Paragraph 98 of the Complaint.

99.     DaVita denies the allegations contained in Paragraph 99 of the Complaint.  And as determined by this Court's Orders dated April 9, 2014 and March 23, 2015 in *Thornton*, and reiterated in this Court's Order dated December 13, 2016 in this matter, DaVita and the individual clinic referenced in the Complaint administered medical services and did not supply, distribute, manufacture, design, or sell any product.

100.    DaVita denies the allegations contained in Paragraph 100 of the Complaint.

101.    Paragraph 101 of the Complaint contains conclusions of law, not allegations of fact, and thus no responsive pleading is necessary.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 101.

102.    DaVita denies the allegations contained in Paragraph 102 of the Complaint.

103.    DaVita denies the allegations contained in Paragraph 103 of the Complaint.

104.    DaVita denies the allegations contained in Paragraph 104 of the Complaint.

105.    DaVita denies the allegations contained in Paragraph 105 of the Complaint.

106.    DaVita denies the allegations contained in Paragraph 106 of the Complaint.

107.    Paragraph 107 of the Complaint contains conclusions of law, not allegations of fact, and thus no responsive pleading is necessary.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 107.

108.    Paragraph 108 of the Complaint contains conclusions of law, not allegations of fact, and thus no responsive pleading is necessary.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 108.

## THIRD CAUSE OF ACTION
### Fraud

109.    DaVita incorporates by reference its responses to the previous allegations contained in the Complaint as if set forth at length herein.

110.    Pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to Decedent Deborah Hardin, certain allegations contained in Paragraph 110 of the Complaint require no responsive pleading.  DaVita denies the remaining allegations contained in Paragraph 110 of the Complaint.

111.    Pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to Decedent Deborah Hardin, certain allegations contained in Paragraph 111 of the Complaint require no responsive pleading.  DaVita denies the remaining allegations contained in Paragraph 111 of the Complaint.

112.    Pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to

Decedent Deborah Hardin, certain allegations contained in Paragraph 112 of the Complaint require no responsive pleading.  DaVita denies the remaining allegations contained in Paragraph 112 of the Complaint.

113.    Pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to Decedent Deborah Hardin, certain allegations contained in Paragraph 113 of the Complaint require no responsive pleading.  DaVita denies the remaining allegations contained in Paragraph 113 of the Complaint.

114.    Pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to Decedent Deborah Hardin, certain allegations contained in Paragraph 114 of the Complaint require no responsive pleading.  DaVita denies the remaining allegations contained in Paragraph 114 of the Complaint.

115.    Pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to Decedent Deborah Hardin, certain allegations contained in Paragraph 115 of the Complaint require no responsive pleading.  DaVita denies the remaining allegations contained in Paragraph 115 of the Complaint.

116.    Pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to Decedent Deborah Hardin, certain allegations contained in Paragraph 116 of the Complaint require no responsive pleading.  DaVita denies the remaining allegations contained in Paragraph 116 of the Complaint.

117.    DaVita denies the allegations contained in Paragraph 117 of the Complaint.

## FOURTH CAUSE OF ACTION

### Wrongful Death
### 740 Ill. Comp. Stat. Ann. 180/0.01, *et. seq.*

118.    DaVita incorporates by reference its responses to the previous allegations contained in the Complaint as if set forth at length herein.

119.    Paragraph 119 of the Complaint contains conclusions of law, not allegations of fact, and thus no responsive pleading is necessary.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 119.

120.    Paragraph 120 of the Complaint contains conclusions of law, not allegations of fact, and thus no responsive pleading is necessary.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 120.

121.    DaVita denies the allegations contained in Paragraph 121 of the Complaint.

122.    Paragraph 122 of the Complaint contains conclusions of law, not allegations of fact, and thus no responsive pleading is necessary.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 122.

123.    DaVita denies the allegations contained in Paragraph 123 of the Complaint, and states that the individuals listed in Paragraph 123 are not parties to this Action.

## FIFTH CAUSE OF ACTION

### Medical Malpractice

124.    DaVita incorporates by reference its responses to the previous allegations contained in the Complaint as if set forth at length herein.

125.    DaVita denies the allegations contained in Paragraph 125 of the Complaint.

126.     Paragraph 126 of the Complaint contains conclusions of law, not allegations of fact, and thus no responsive pleading is necessary.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 126.

## SIXTH CAUSE OF ACTION
### Loss of Consortium

127.     DaVita incorporates by reference its responses to the previous allegations contained in the Complaint as if set forth at length herein.

128.     DaVita lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 128 of the Complaint.

129.     DaVita denies the allegations contained in Paragraph 129 of the Complaint, except admits that Decedent Deborah Hardin is deceased.

130.     DaVita lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 130 of the Complaint, except states that the individuals listed as children of Decedent Deborah Hardin are not parties to this Action, as the Court noted in its December 13, 2016 Order (Dkt. 222, n.6).  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 130.

131.     Paragraph 131 of the Complaint contains conclusions of law, not allegations of fact, and thus no responsive pleading is necessary.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 131.

## SEVENTH CAUSE OF ACTION
### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505/1, et. seq.

132.     The allegations contained in Paragraph 132 of the Complaint require no responsive pleading pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt.

222), which dismissed this cause of action.  To the extent a responsive pleading is deemed necessary, DaVita incorporates by reference its responses to the previous allegations contained in the Complaint as if set forth at length herein.

133.   The allegations contained in Paragraph 133 of the Complaint require no responsive pleading pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222), which dismissed this cause of action.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 133 of the Complaint.

134.   The allegations contained in Paragraph 134 of the Complaint require no responsive pleading pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222), which dismissed this cause of action.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 134 of the Complaint.

135.   The allegations contained in Paragraph 135 of the Complaint require no responsive pleading pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222), which dismissed this cause of action.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 135 of the Complaint.

136.   The allegations contained in Paragraph 136 of the Complaint require no responsive pleading pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222), which dismissed this cause of action.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 136 of the Complaint.

137.   The allegations contained in Paragraph 137 of the Complaint require no responsive pleading pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222), which dismissed this cause of action.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 137 of the Complaint.

138.     The allegations contained in Paragraph 138 of the Complaint require no responsive pleading pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222), which dismissed this cause of action.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 138 of the Complaint.

139.     The allegations contained in Paragraph 139 of the Complaint require no responsive pleading pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222), which dismissed this cause of action.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 139 of the Complaint.

140.     The allegations contained in Paragraph 140 of the Complaint require no responsive pleading pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222), which dismissed this cause of action.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 140 of the Complaint.

141.     The allegations contained in Paragraph 141 of the Complaint require no responsive pleading pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222), which dismissed this cause of action.  To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 141 of the Complaint.

## EIGHTH CAUSE OF ACTION

### Battery

142.     DaVita incorporates by reference its responses to the previous allegations contained in the Complaint as if set forth at length herein.

143.     DaVita denies the allegations contained in Paragraph 143 of the Complaint.

144.     DaVita denies the allegations contained in Paragraph 144 of the Complaint, except admits that it duly obtained consent to perform dialysis.

145.    The allegations contained in Paragraph 145 of the Complaint require no responsive pleading pursuant to this Court's Order dated December 13, 2016 (*Thornton*, Dkt. 222 at 32-33), which rejected the premise that DaVita concealed risks relating to GranuFlo as to Decedent Deborah Hardin.   To the extent a responsive pleading is deemed necessary, DaVita denies the allegations contained in Paragraph 145 of the Complaint.

146.    DaVita denies the allegations contained in Paragraph 146 of the Complaint.

147.    DaVita denies the allegations contained in Paragraph 147 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, by the doctrines of estoppel and/or res judicata.

### THIRD AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, by the applicable statute of limitations, time limits to exercise rights

and/or statutes of repose.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because Plaintiff does not have standing to bring this action, in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because Plaintiff is not entitled to any damages, costs, or fees, whether compensatory, punitive or otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, by Plaintiff's failure to mitigate any alleged loss, injury or damages. To the extent that Plaintiff failed to mitigate, minimize or avoid any damages he allegedly sustained, recovery against DaVita, if any, must be reduced by that amount.

## NINTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because DaVita did not violate any legal duty allegedly owed to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, by any and all applicable statutory defenses.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, by Plaintiff's failure to join all necessary or indispensable parties to this action.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, by applicable public policy and/or statutory law.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because Plaintiff is not entitled to an award of attorneys' fees and/or interest.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, to the extent that the costs, attorneys' fees expenses, and sums allegedly incurred by Plaintiff is excessive and/or unreasonable.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because DaVita is immune from suit.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because DaVita is not a proper defendant under the statutes, laws, and/or provisions relied upon in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because the statutes, laws, and/or provisions relied upon in the Complaint do not provide Plaintiff with a private right of action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because Plaintiff failed to provide requisite notice before filing suit.

## NINETEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because the Complaint does not allege injuries sufficient for Plaintiff to maintain a claim under the statutes, laws, and/or provisions relied upon in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because Plaintiff's Complaint lacks the requisite specificity or particularity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead fraud with sufficient particularity in accordance with Fed. R. Civ. P. 9(b).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because Plaintiff did not actually or reasonably rely or act upon any statement by DaVita and, therefore, the damages complained of in the Complaint were not the result of DaVita's actions or inactions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, by the lack of causation, proximate causation, and/or the doctrines intervening and/or superseding causation.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, by the doctrines of assumption of the risk, contributory or comparative negligence, comparative fault, joint liability, and/or indemnification.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, by the doctrine of preemption.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because any damages allegedly sustained by Plaintiff is the result of conduct, negligence, carelessness, recklessness and/or breach of warranties by entities over whom DaVita did not have any supervision or control and for whose actions DaVita is not and cannot be liable.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, because DaVita has not committed any deceptive act, misrepresented any fact, or otherwise engaged in any wrongdoing.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, to the extent that the Complaint seeks relief in excess of the statutorily prescribed liability limitations of the various relevant states relating to claims of medical malpractice or negligence by medical service providers.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Complaint and each and every claim for relief therein are barred and precluded, or limited in whole or in part, to the extent that the Complaint seeks punitive damages, because Plaintiff fails to state any proper claim upon which punitive damages may be awarded.  DaVita did not cause and is not responsible for punitive damages.  Claims or causes of action for punitive damages are barred under the Constitution and laws of the United States and that the procedures and/or process pursuant to which such damages are requested and/or awarded and the manner of presentation and type of evidence permitted with respect to such matters violates the Constitution and laws of the United States.

## THIRTIETH AFFIRMATIVE DEFENSE

Pursuant to the laws of many states, including Illinois, it is the responsibility of the physician as the learned intermediary to assess the risks and benefits of a particular course of treatment for his/her patient, and DaVita should not be held liable on that basis.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Pursuant to the Court's Orders of March 23, 2015 and December 13, 2016, any causes of actions or theories of the case not within those specifically defined by the Court are barred by the Law of the Case Doctrine as they have been dismissed and/or stricken from the pleadings. *See Thornton v. DaVita Healthcare Partners, Inc.*, No. 13-cv-573, Dkt. 126 at 3.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent the purported Personal Representative lacks requisite documentation, he does not have proper authority to proceed in his purported role.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The purported Personal Representative improperly and ineffectually asserts claims on behalf of individuals not party to this Action.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that DaVita becomes aware of additional defenses not cited to above (whether based upon facts currently known or facts discovered subsequent to the filing of the within Answer), DaVita reserves the right to assert additional affirmative defenses in this matter.

**WHEREFORE**, DaVita requests that Plaintiff's request for relief be denied and that judgment be entered against Plaintiff and in favor of DaVita as follows:

1.     Dismissing the Complaint in its entirety with prejudice; and

2.     For such other and further relief as this Court deems just and proper.

WHEREFORE, having answered Plaintiff's complaint, DaVita prays that the Court dismiss this action with prejudice and, to the extent allowed by law, award to DaVita its costs and attorneys' fees expended in defense of this action.

Dated: December 27, 2016

Respectfully submitted,

DAVITA HEALTHCARE PARTNERS, INC.

_s/ Joseph E. Hopkins_
Joseph E. Hopkins
Lisa Ann T. Ruggiero
James E. Tyrrell, Jr.
LOCKE LORD LLP
44 Whippany Road
Morristown, New Jersey 07960
T: 973-520-2300
F: 973-520-2600
_Attorneys for Defendant DaVita_
_Healthcare Partners, Inc._

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on counsel of record

through the Court's ECF system, this 27th day of December, 2016.


*s/ Joseph E. Hopkins*